IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADP COMMERCIAL LEASING, LLC,

    Plaintiff,

vs.

EL DORADO HILLS DODGE, INC., AND LARRY CARMEAN,

    Defendants.

No. 2:08-cv-2424 MCE JFM

<u>ORDER</u>

----

Presently calendared for hearing on April 9, 2009 is plaintiff's motion for entry of default judgment against defendants. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

Service of process is procedural and therefore governed by federal law, even in a federal diversity action. <u>Hanna v. Plumer</u>, 380 U.S. 460, 85 S.Ct. 1136 (1965). Fed. R. Civ. P. 4(e)(2) provides that process may be accomplished by delivering a copy of the summons and complaint personally upon the defendant, by leaving the documents at defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by

1

personal delivery upon an authorized agent. Fed. R. Civ. P. 4(e) (1) provides, alternatively, that process may be completed by following state law. California law provides for personal service of process, Cal. Civ. Proc. Code § 416.90(b), or, after reasonable diligence, substituted service by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b). "Service of a summons in this manner is deemed complete on the 10th day after the mailing." Id.

Service on a corporation can be completed by delivering the summons and complaint to an officer of the corporation. See Cal. Code Civ. Proc. § 416.10(b) (2007).

Although people "have the right to choose their abodes; they do not have the right to control who may sue or serve them by denying them physical access." Bein v. Brechtel-Jochim Group, Inc. 6 Cal.App.4th 1387, 1393 (1992) (substituted service on gate guard was appropriate where plaintiff was reasonably diligent in attempting to effect personal service before effecting substituted service on gate guard at residential community in which shareholders resided.)

Where a defendant attempts to avoid service e.g. by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant. See Errion v. Connell, 236 F.2d 447, 457 (9th Cir.1956) (service sufficient when sheriff pitched the papers through a hole in defendant's screen door after she spoke with him and ducked behind a door to avoid service); Novak v. World Bank, 703 F.2d 1305, 1310 n.14 (D.C.Cir.1983) (district court erred when it dismissed sua sponte for failure to effect service in case where U.S. Marshall

refused to serve World Bank: "When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person."); see also 4A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1095 (2d ed.1987).

Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service. As observed in Doe 1 v. Liu Qi, 349 F.Supp.2d 1258, 1275 n.5 (N.D. Cal. 2004), "[w]here a defendant attempts to avoid service e.g. by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." Id.

Here, plaintiff's registered process server, Deyanne "Dusty" Harrison, filed a proof of service of summons attesting to personal service on defendants by personal delivery on October 19, 2008 at 7:10 p.m. In an attached declaration, Mr. Harrison set forth details pertaining to his three visits to 9729 Rim Rock Circle, Loomis, California, in an effort to accomplish service. On the third visit, Mr. Harrison explained service was accomplished as follows:

> Using the call box, an older male answered, I asked if he was Larry, he responded yes. I told him my name was Dusty and I spoke to a young man earlier today who told me to come back this evening and speak to you. He asked me what I wanted, I told him I had documents for him, (I heard him tell someone there is a person at the box with papers) he hung up. I waited about 2 minutes then rang again. This time a female answered, before I could tell her I was leaving the documents, she hung up. At this point I knew they would not come out to me. Being I did speak to Larry and he was home, I put the documents in the center gate and took a picture.
>
> At 7:10 p.m. the documents were put in the gate.

Id. at 4.

/////

The proof of service of summons demonstrates that plaintiff was diligent in its efforts to serve defendants. Mr. Harrison took reasonable steps to leave the papers with defendant Carmean, but was thwarted by defendant's failure to come out to the call box. However, the record is insufficient to demonstrate that placing the documents "in the center gate" was in "close proximity" to defendant Carmean. The process server did not append the photograph or a copy of the photograph to enable the court to determine whether Mr. Harrison was in proximity to defendant Larry Carmean. The proof of service does not describe the proximity of the gate or the callbox to the home, nor explain whether Mr. Harrison could see the defendant during the brief exchange on the callbox. The proof of service also does not indicate whether the gate and callbox were solely for the address where service was being attempted, or whether it was for a gated community.

Moreover, it does not appear that the statement "I have documents for you" is a clear communication that Mr. Harrison intended to serve court documents on defendant Carmean and El Dorado Hills Dodge, Inc. The words used by the process server were insufficient to put defendant on notice that someone was attempting to give him official court papers.

There is no indication that Mr. Harrison subsequently mailed a copy of the documents to defendants so that the service of process could be construed as substituted service under California law.

In addition, the process server failed to complete paragraph six of the proof of service of summons. Id. at 2.

Thus, this court cannot find that defendants were personally served with process on October 19, 2008. Because service of process was ineffective, plaintiff's motion for default judgment will be denied without prejudice, the hearing will be vacated, and the Clerk of the Court will be directed to vacate the Clerk's entry of judgment. The court finds, however, that plaintiff is entitled to rely on substituted service under California law in order to accomplish service of process on defendants.

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 25, 2009 amended motion for default judgment (#11) is denied without prejudice;

2. The April 9, 2009 hearing on the motion is vacated; and

3. The Clerk of Court is directed to vacate the January 12, 2009 clerk's entry of default as to both defendants.

DATED: March 5, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001;adpllcden.def