IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADP COMMERCIAL LEASING, LLC,

    Plaintiff,

vs.

EL DORADO HILLS DODGE, INC., AND LARRY CARMEAN,

    Defendants.
_____/

No. 2:08-cv-2424 MCE JFM

FINDINGS & RECOMMENDATIONS

Plaintiff's motion for entry of default judgment came on for hearing on May 28, 2009. Robert H. Nunnally, Jr. appeared telephonically for plaintiff. No appearance was made for defendants. Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

Plaintiff ADP, Inc., is a Delaware limited liability company with its principal place of business in New Jersey. ADP Commercial Leasing, LLC, has one member, ADP, Inc., which is a Delaware corporation with its principal place of business in New Jersey. ADP Commercial Leasing, LLC, has its physical corporate headquarters in New Jersey, which administers lease agreements such as the agreement at issue herein, and brought this action for breach of contract and quantum meruit.

1

Defendant El Dorado Hills Dodge, Inc., is a California corporation with its principal place of business in Shingle Springs, California. Defendant Larry Carmean is a resident of California who resides in Loomis, California.

Plaintiff seeks recovery in excess of $87,682.59.

Jurisdiction is proper under 28 U.S.C. § 1332, diversity jurisdiction. Venue is proper in this district because both defendants are located within the division of this district.

ADP Commercial Leasing, LLC, provides lease agreements for equipment leases. Plaintiff alleges the following: El Dorado Hills Dodge, Inc. ("Dodge") entered into an Equipment Lease 60890-1 with ADP Commercial Leasing, LLC, on or about December 13, 2007. A true and correct copy of the Equipment Lease 60890-1 is attached as Exhibit A to the Complaint. On or about December 13, 2007, Larry Carmean personally guaranteed the obligations of the Equipment Lease Agreement 60890-1 through a personal guaranty also contained in Exhibit A.

On or about December 13, 2007, Dodge entered into an Equipment Lease 60890-2 with ADP Commercial Leasing, LLC. A true and correct copy of the Equipment Lease 60890-2 is attached as Exhibit B to the Complaint. On or about December 13, 2007, Larry Carmean personally guaranteed the obligations of the Equipment Lease Agreement 60890-1 through a personal guaranty also contained in Exhibit B.

On or about January 8, 2008, Larry Carmean signed a Delivery and Acceptance Certificate on behalf of Dodge as to Equipment Lease 60890-1, a true and correct copy of which is appended as Exhibit C to the Complaint. Pursuant to the Lease Agreement, this Delivery and Acceptance Certificate acknowledged full performance by ADP Commercial Leasing, LLC, as lessor.

On or about January 8, 2008, Larry Carmean signed a Delivery and Acceptance Certificate on behalf of Dodge as to Equipment Lease 60890-2, a true and correct copy of which is appended as Exhibit D to the Complaint. This Delivery and Acceptance Certificate

acknowledged full performance by ADP Commercial Leasing, LLC, as lessor under the Lease Agreement.

Plaintiff performed all its obligations and duties under the Lease Agreement, and complied with all conditions of the Lease Agreement, and all conditions precedent to the filing of the instant action.

Dodge and Larry Carmean breached their obligation and duties by failing to pay sums due under the Lease Agreement. Defendants breached their duty to continue to utilize the equipment to operate a dealership. Defendant El Dorado Hills Dodge, Inc. is liable to plaintiff for breach of contract. Defendant Larry Carmean is liable to plaintiff on a personal guaranty. Defendants are jointly and severally liable to plaintiff.

Plaintiff alleges that the last payment made by Dodge and Larry Carmean was made on June 30, 2008. Defendants paid only five payments of the sixty payments due on each Lease Agreement. Defendants also failed to pay late charges and sales taxes due.

Plaintiff seeks actual damages in the amount of $87,682.59, the sums remaining due on the two Lease Agreements. Plaintiff avers that defendants paid only five payments of the sixty payments due on each of the agreements.

Pursuant to the express language of the Lease Agreements, the prevailing party is entitled to an award of attorneys fees, costs and expenses arising out of litigation. Plaintiff seeks attorneys fees and costs in the total amount of $3,520.99.

The Lease Agreements provide for the payment of interest at the rate of 1-1/2% per month. Plaintiff seeks interest on the $87,682.59 actual damages, at the rate of $15,782.86 per year, or $43.24 per day from July 30, 2008. As of February 13, 2009, 198 days have passed since the July 30, 2008 date of default, resulting in interest due in the amount of $8,561.52 as of February 13, 2009, plus an additional $43.24 per day until the balance is paid in full.

/////

/////

I. Request for Default Judgment

The complaint in this matter was served upon defendants by personally serving Larry Carmean, the registered agent for El Dorado Hills Dodge, on March 13, 2009. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985)(default judgment void without personal jurisdiction). Defendants have not filed an answer. The clerk of the court entered default against defendants on April 7, 2009. Notice of the entry of default as well as plaintiff's renewed motion for entry of default judgment were served by mail on defendants at their last known address. Defendants have filed no opposition to the renewed motion for entry of default judgment and entered no appearance at the hearing.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

This court finds that plaintiff has established valid claims for recovery against defendants for their breach of the leases for equipment provided defendants. Good cause appearing, it is the recommendation of this court that plaintiff be granted default judgment.

II. Relief Requested

A. Actual Damages

Defendants are liable to plaintiff ADP Commercial Leasing, LLC, for actual damages in the amount of $87,682.59. These damages were calculated as follows:

| | | |
|---|---|---|
| | 55 monthly payments of $1269.85 | $69,841.75 |
| | 55 monthly payments of $222.21 | 12,221.55 |
| | Late Charges and Sales Taxes | 5,619.29 |
| | Total actual damages | $87,682.59 |

Plaintiff is entitled to the sum of $87,682.59 in actual damages.

B. Interest

Plaintiff seeks prejudgment and post judgment interest. In diversity cases, state law governs awards of interest. Lund v. Albrecht, 936 F.2d 459 (9th Cir. 1991). Here, the contract provided that New Jersey law applies. (Schlegel Decl., Ex. A at 1, 3, 5 & 7.) Plaintiff seeks interest at the rate of 1-1/2% per month, from July 30, 2008 through the date of payment. Interest from July 30, 2008 through February 13, 2009 totals $8,561.52.[1] Additional interest should be calculated at the daily rate of $43.24.

C. Attorneys' Fees and Costs.

The written agreement entitled the prevailing party to an award of attorney's fees, costs and expenses arising from litigation. (Schlegel Decl., Ex. A & Ex. B.) Plaintiff requests that the court award $3,520.99 in attorneys' fees and costs. The affidavit provided by counsel as to attorneys fees and costs is supported by detailed billings. The sum of $3,520.99 in attorneys fees and costs is reasonable and should be awarded plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 14, 2009 renewed motion for entry of default judgment be GRANTED. A proposed judgment was filed by plaintiff on April 14, 2009 (docket no. 17-3). Upon expiration of the objection period, the proposed judgment will be forwarded to the district court by the undersigned.

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 14, 2009 renewed motion for entry of default judgment be granted.

---

[1] Interest at 1-1/2% per month on $87,682.59 = $15782.86 per year = $43.24 per day. 198 days elapsed from July 30, 2008 to February 13, 2009. 198 x 43.24 = $8,561.52.

5

1         2. Plaintiff be awarded $87,682.59 in actual damages.

2         3. Plaintiff be awarded interest in the amount of $8,561.52 from July 30, 2008 through February 13, 2009, and the sum of $43.24 per day until payment in full.

4         4. Plaintiff be awarded $3,520.99 in attorneys fees and costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2009.

                                                              UNITED STATES MAGISTRATE JUDGE

001;adpllc.def